IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KELLY KLEIN,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 8:21-cv-00476-PX<br>) |
| **SINCLAIR BROADCAST GROUP, INC.**, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY

Defendants Sinclair Broadcast Group, Inc. ("Sinclair") and Ring of Honor Wrestling Entertainment, LLC ("ROH" and, together with Sinclair, "Defendants"), by and through their undersigned counsel, hereby submit this Memorandum of Law in opposition to Plaintiff Kelly Klein's ("Klein") Motion for Leave to Conduct Limited Discovery (ECF Dkt. No. 13).

**I.      INTRODUCTION**

Klein is a professional wrestler. She entered into an independent contractor agreement with Ring of Honor in December 2017 (and renewed it in January 2019) that contained a broad and mutual agreement to arbitrate all claims arising out of the independent contractor agreement, Klein's performance of services, and/or the relationship between the parties. Thus, when Klein brought arbitrable claims in this Court, Defendants moved to compel arbitration (ECF Dkt. No. 11).

In response, Klein filed an Amended Complaint (ECF Dkt. No. 12). As she did in her original Complaint, Klein uses her Amended Complaint to foreshadow the arguments she plans to make challenging the enforceability of the arbitration agreement as allegedly unconscionable.

Indeed, the recent amendments to her pleading appear designed solely to further elucidate her anticipated arguments with respect to the alleged unconscionability of the arbitration agreement. Defendants have again moved to compel arbitration (ECF Dkt. No. 16.)

Klein requests leave to conduct discovery on the parties' agreement to arbitrate. Klein requests "discovery for the sake of discovery" and fails to meet Fed. R. Civ. P. 56(d)'s requirement that she identify with particularity the discovery she needs before she can fairly respond to Defendants' motion to compel arbitration. Moreover, even when examining the arguments Klein indicates she will make in opposition to Defendants' motion to compel arbitration, there is no information Klein needs from Defendants to make her arguments and nothing she could obtain from Defendants that would assist the Court in deciding the motion to compel arbitration. Klein's request for discovery should be denied.

## II.     LEGAL ANALYSIS

### A.     Legal Standard.

Where, as here, a party challenges the validity of an arbitration agreement the Court should apply the summary judgment standard to the motion to compel arbitration. See e.g., Dowdy v. Santander Consumer USA, Inc., No. CV SAG-19-01386, 2019 WL 5455554, at *1 (D. Md. Oct. 24, 2019); Owen v. CBRE, Inc., No. PWG-16-773, 2016 WL 7033973, at *2 (D. Md. Dec. 2, 2016). Thus, a request for discovery relating to a motion to compel arbitration is properly treated as a request for discovery under Fed. R. Civ. P. 56(d). See Dowdy, 2019 WL 5455554, at *1.

A request for discovery under Rule 56(d) must identify with specificity the additional discovery the non-moving party requires; it is insufficient for the non-moving party to simply state in a conclusory manner that discovery is necessary. See Dyer v. Maryland State Bd. of Educ., 187 F. Supp. 3d 599, 604 (D. Md. 2016), aff'd, 685 F. App'x 261 (4th Cir. 2017); see also Lamb v. Modly, No. 8:19-CV-03469-PX, 2021 WL 1198158, at *7 (D. Md. Mar. 30, 2021) ("It is not

sufficient for the nonmovant to demand discovery for the sake of discovery.") (internal quotation and citation omitted).  Moreover, a request for discovery under Rule 56(d) "is properly denied where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact . . . ."  Lamb, 2021 WL 1198158, at *7; see also Dowdy, 2019 WL 5455554, at *1 (denying request for discovery on motion to compel arbitration where discovery sought would not create a genuine issue of material fact).

      **B.**      **Klein Fails to Demonstrate Discovery is Warranted.**

Klein's request for discovery falls well short of Rule 56(d)'s demand for specificity.  Indeed, Klein does not identify a single fact on which discovery is required before she can oppose the motion to compel arbitration.  Rather, she suggests only generally that discovery is necessary on the broad question of unconscionability:

> Klein must provide evidence regarding whether the arbitration agreement was a contract of adhesion; whether the arbitration agreement is unconscionable; whether the arbitration agreement is ambiguous; whether she can effectively vindicate a federal statutory right; or, whether the agreement is unenforceable based upon any other evidence that may be discovered.

(See ECF Dkt. No. 13-1, at 4.)  Klein's motion is merely a demand for discovery "for the sake of discovery" and may be denied on that basis alone.  Each of the generic subject matters Klein identifies as subjects for discovery are legal issues that neither deposition testimony nor documents would shed light on.

In addition, Klein fails to demonstrate how discovery from Ring of Honor could possibly generate evidence that would be material to the Court's assessment of the validity of the parties' arbitration agreement.  Klein concedes that "if the arbitration agreement is valid, all claims as alleged in the Complaint would be subject to arbitration."  (ECF Dkt. No. 13-1, at 2.)  "Thus, the only issue remaining is whether the arbitration clause is valid and enforceable."  (Id.)  Klein further

acknowledges that she entered into the arbitration agreement but contends the agreement is unconscionable and, therefore, unenforceable.

Questions about the validity of an agreement to arbitrate are resolved according to state law contract principles. See e.g., Mey v. DIRECTV, LLC, 971 F.3d 284, 288 (4th Cir. 2020). Under Maryland law, to set aside an arbitration agreement as unconscionable, the Court must find both procedural and substantive unconscionability. See CarMax Auto Superstores, Inc. v. Sibley, 215 F. Supp. 3d 430, 436 (D. Md. 2016), aff'd, 730 F. App'x 174 (4th Cir. 2018). Procedural unconscionability concerns the making of a contract and is marked by a party's lack of meaningful choice about entering into the agreement. See Owen, 2016 WL 7033973, at *5–6; Walther v. Sovereign Bank, 872 A.2d 735, 743 (Md. 2005). Substantive unconscionability exists where terms are unreasonably one-sided or are contrary to public policy or illegal. See Owen, 2016 WL 7033973, at *5–6; Freedman v. Comcast Corp., 988 A.2d 68, 85–86 (Md. Ct. Spec. App. 2010).

In her Amended Complaint, Klein previews that she will contend the arbitration agreement was procedurally unconscionable because: (1) Ring of Honor was in a superior bargaining position; (2) the agreement was presented as a contract of adhesion; and (3) she is unsophisticated in legal matters and could not afford an attorney to review the contract before she signed it. (Am. Compl. ¶¶ 46-48; 86-88.) Although Klein is free to make these arguments in opposition to Defendants' motion to compel arbitration, she fails to show what discovery from Ring of Honor is necessary first. To the contrary, Klein should be able to demonstrate her level of sophistication, financial condition, and bargaining position vis-à-vis Ring of Honor at the time the agreement was formed without discovery from Ring of Honor. See Dowdy, 2019 WL 5455554, at *2 (denying request for discovery on motion to compel arbitration where information sought was already in plaintiff's possession).

Moreover, even if discovery from Ring of Honor could somehow generate information useful to Klein's procedural unconscionability argument such discovery would nevertheless be unwarranted for two reasons.  First, neither unequal bargaining power, lack of sophistication nor the presentation of a contract of adhesion establish procedural unconscionability.  See Ashford v. PricewaterhouseCoopers LLP, 954 F.3d 678, 685 (4th Cir. 2020) ("[I]f unequal bargaining power were enough to create procedural unconscionability, virtually all agreements requiring employees to arbitrate would be unconscionable as employers generally have greater bargaining power than potential employees.  Plainly, that is not the law."); Baron v. Sprint Corp., No. CV JKB-19-1255, 2019 WL 5456796, at *2 (D. Md. Oct. 24, 2019) (upholding arbitration clause in mobile phone contracts between carrier and customers); Collins v. Discover Fin. Servs., No. CV PX-17-3011, 2018 WL 2087392, at *3 (D. Md. May 4, 2018) (upholding arbitration clause in cardmember agreements).

Second, even if Klein could show procedural unconscionability it would still not be enough to set aside the agreement unless she can also demonstrate substantive unconscionability.  See Sibley, 215 F. Supp. 3d at 436.  To assess substantive unconscionability in an arbitration agreement the Court "must consider whether the terms in the arbitration clause are so one-sided as to oppress or unfairly surprise an innocent party or whether there exists an egregious imbalance in the obligations and rights imposed by the arbitration clause."  Walther, 386 Md. at 431.  Klein has previewed her intent to argue substantive unconscionability based on: (1) her reading of an internal conflict in the terms of the agreement, (2) her alleged inability to pay arbitration expenses, (3) a mutual fee-shifting provision, and (4) Maryland's public policy that employees not be misclassified as independent contractors.  (See Am. Compl. ¶¶ 40-43, 49-56, 89-94).  Once again, although Klein is free to make these arguments in opposition to Defendants' motion to compel

arbitration she fails to so much as suggest that her ability to make the arguments is impaired by a lack of information she can obtain only from Ring of Honor. She can present her legal arguments based on the terms of the agreement and information about her financial condition in her possession. She does not need discovery from Ring of Honor.

Klein has not met her burden under Rule 56(d) to demonstrate discovery is necessary for her to fairly oppose the pending motion to compel arbitration.

### III. CONCLUSION

For the foregoing reasons, Defendants Sinclair Broadcast Group, Inc. and Ring of Honor Wrestling Entertainment, LLC respectfully request that the Court deny Plaintiff Kelly Klein's Motion for Leave to Conduct Limited Discovery.

Dated: June 23, 2021

Respectfully submitted,

*/s/ Daniel E. Farrington*

_____
Daniel E. Farrington (#25755)
Fisher & Phillips LLP
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD 20814
Tel. (301) 951-1538
Fax (301) 880-5031
Email: dfarrington@fisherphillips.com

*Counsel for Defendants*